Marco DIGGES, Michael Ponzica, William Todd Rogers, and Donald Eric Williams, Appellants

v.

KNOWLEDGE ALLIANCE, INC., Andrew Dweyer, Individually; Dort Cameron, Individually; and Ursula Mentjes, Individually, and Jointly and Severally, Appellees.

No. 01–04–00710–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 18, 2004.

Bruce Cameron Kaye, Dallas, TX, for Appellant.

Richard G. Wilson, McFall, Sherwood, & Breitbeil, P.C., Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION ON REHEARING

PER CURIAM.

Appellants have filed an "Amended Motion to Vacate Order," which we treat as a motion for rehearing. We deny the motion, but withdraw our August 26, 2004 opinion and judgment and substitute the following opinion and a new judgment in their places.

This appeal arises from the trial court's granting of defendants'/appellees' special appearance. An order granting a special appearance is an interlocutory, appealable order. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.2004–2005). Such appeals are accelerated. See TEX. R.APP. P. 28.1. A notice of appeal in an accelerated appeal must be filed within 20 days after the interlocutory order is signed. TEX.R.APP. P. 26.1(b). Here the trial court signed the interlocutory order granting the special appearance on March 24, 2004. Thus, the notice of appeal would have been due to be filed by April 13, 2004, but instead it was filed on June 21, 2004 (69 days past the filing deadline). Appellate courts can extend the time for filing the notice of appeal if, within 15 days of the deadline, the appellants file a notice of appeal and a motion to extend time to file the notice of appeal complying with Texas Rule of Appellate Procedure 10.5(b). TEX. R.APP. P. 26.3 Here, no such motion was filed.

Appellants filed a motion for new trial on April 19, 2004. This did not operate to extend the time for filing their notice of appeal, however, because filing a motion for new trial does not extend the time to

perfect an accelerated appeal from an interlocutory order. Tex.R.App. P. 28.1.

In their notice of appeal, appellants assert they are filing an accelerated interlocutory appeal to challenge the trial court's denial of their "Motion to Reconsider Order Granting Defendant's Motion to Reconsider Denial of Special Appearance," filed on May 18, 2004. Such motions, however, are not independently appealable. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7) (Vernon 2004) (including only orders granting or denying special appearances as appealable interlocutory orders).

We dismiss appellants' appeal for want of jurisdiction.