Mike Preston, et al. v Choctaw Ambulance Auth.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-423-CV

MIKE PRESTON D/B/A RESCUE APPELLANT

SAFETY PRODUCTS

V.

CHOCTAW AMBULANCE APPELLEE

AUTHORITY

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mike Preston, d/b/a Rescue Safety Products, attempts to appeal from the trial court’s order granting the special appearance of one of the defendants, Appellee Choctaw Ambulance Authority.  Appellant’s suit remains pending in the trial court against the other defendant, Mike Eigel. 

An order granting a special appearance is an interlocutory, appealable order.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(7) (Vernon Supp. 2005).  Such appeals are accelerated.  
See
 
Tex. R. App. P.
 28.1.  A notice of appeal in an accelerated appeal must be filed within twenty days after the interlocutory order is signed.  
Tex. R. App. P.
 26.1(b).  Here, the trial court signed the interlocutory order granting the special appearance on September 27, 2005.
(footnote: 2) Thus, the notice of appeal would have been due by October 17, 2005, but instead it was filed on November 21, 2005.  

Appellate courts can extend the time for filing the notice of appeal if, within fifteen days of the deadline, the appellant files a notice of appeal and a motion to extend time to file the notice of appeal complying with Texas Rule of Appellate Procedure 10.5(b).  
Tex. R. App. P.
 26.3.  Here, neither a motion seeking an extension of time to file the notice of appeal nor the notice of appeal was filed within fifteen days of the October 17, 2005 notice of appeal due date. 

We, therefore, sent a letter to Appellant explaining our concern that we lacked jurisdiction over this appeal and requesting a response setting forth any grounds that would establish our jurisdiction over the appeal.  In response, appellant sent us a copy of the “Request for Findings of Facts and Conclusions of Law” that he had filed with the trial court on September 28, 2005.  However, a request for findings of fact and conclusions of law will not extend the appellate timetable in an accelerated appeal under rule 26.1.  
In re K.A.F.
, 160 S.W.3d 923, 927 (Tex.), 
cert. denied
, 126 S. Ct. 483 (2005).

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P. 
2, 25.1(b), 26.3;
 
Digges v. Knowledge Alliance, Inc.
, 176 S.W.3d 463, 463 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (dismissing appellants’ appeal for want of jurisdiction for failing to timely file notice of appeal in accelerated appeal from interlocutory order).  Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: January 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Because Appellant’s claims against Defendant Eigel remain pending in the trial court, we cannot treat the trial court’s order granting Appellee’s special appearance as a final judgment that disposes of all parties and all issues.