COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-423-CV

 

 

MIKE PRESTON D/B/A RESCUE                                              APPELLANT

SAFETY PRODUCTS

 

                                                   V.

 

CHOCTAW AMBULANCE                                                         APPELLEE

AUTHORITY

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Mike Preston, d/b/a Rescue Safety
Products, attempts to appeal from the trial court=s order
granting the special appearance of one of the defendants, Appellee Choctaw
Ambulance Authority.  Appellant=s suit
remains pending in the trial court against the other defendant, Mike Eigel. 








An order granting a special appearance is an
interlocutory, appealable order.  Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(7) (Vernon Supp. 2005).  Such
appeals are accelerated.  See Tex. R. App. P. 28.1.  A notice of appeal in an accelerated appeal
must be filed within twenty days after the interlocutory order is signed.  Tex.
R. App. P. 26.1(b).  Here, the
trial court signed the interlocutory order granting the special appearance on
September 27, 2005.[2]
Thus, the notice of appeal would have been due by October 17, 2005, but instead
it was filed on November 21, 2005.  

Appellate courts can extend the time for filing
the notice of appeal if, within fifteen days of the deadline, the appellant
files a notice of appeal and a motion to extend time to file the notice of
appeal complying with Texas Rule of Appellate Procedure 10.5(b).  Tex.
R. App. P. 26.3.  Here, neither a
motion seeking an extension of time to file the notice of appeal nor the notice
of appeal was filed within fifteen days of the October 17, 2005 notice of
appeal due date. 








We, therefore, sent a letter to Appellant
explaining our concern that we lacked jurisdiction over this appeal and
requesting a response setting forth any grounds that would establish our
jurisdiction over the appeal.  In
response, appellant sent us a copy of the ARequest
for Findings of Facts and Conclusions of Law@ that he
had filed with the trial court on September 28, 2005.  However, a request for findings of fact and
conclusions of law will not extend the appellate timetable in an accelerated
appeal under rule 26.1.  In re K.A.F.,
160 S.W.3d 923, 927 (Tex.), cert. denied, 126 S. Ct. 483 (2005).

The times for filing a notice of appeal are
jurisdictional in this court, and absent a timely filed notice of appeal or an
extension request, we must dismiss the appeal. 
See Tex. R. App. P. 2,
25.1(b), 26.3; Digges v. Knowledge Alliance, Inc., 176 S.W.3d 463, 463
(Tex. App.CHouston [1st Dist.] 2004, no
pet.) (dismissing appellants= appeal
for want of jurisdiction for failing to timely file notice of appeal in
accelerated appeal from interlocutory order). 
Accordingly, we dismiss this appeal for want of jurisdiction.

 

PER
CURIAM

 

PANEL D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED: January 19,
2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Because Appellant=s claims against
Defendant Eigel remain pending in the trial court, we cannot treat the trial
court=s order granting Appellee=s special appearance as a
final judgment that disposes of all parties and all issues.