Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00813-CV

**HYDRO MANAGEMENT SYSTEMS, LLC**,
Appellant

v.

**JALIN, LTD** d/b/a My Car Wash, J. Randolph "Randy" Dent and Dent Holdings, Inc. d/b/a
Rider Wash Systems, et al.,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-00774
Honorable Solomon Casseb, III, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Sandee Bryan Marion, Justice

Delivered and Filed: May 5, 2010

DISMISSED FOR WANT OF JURISDICTION

Appellant, Hydro Management Systems, LLC ("Hydro"), attempts to perfect an appeal from

an order entered denying its motion to compel arbitration.  The order subject to appeal was signed

on September 8, 2009, but the notice of appeal was not filed until 100 days later.  We dismiss the

appeal for want of jurisdiction.

When a trial court denies a motion to compel based on the Federal Arbitration Act ("FAA"), the motion is reviewed by interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2009). Appeals from interlocutory orders are accelerated. TEX. R. APP. P. 28.1(a). To timely perfect an accelerated appeal, the notice of appeal must be filed within twenty days after the order is signed. TEX. R. APP. P. 26.1(b), 28.1; *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction).

In the instant case, the trial court signed the order denying Hydro's request to compel arbitration on September 8, 2009. Hydro filed a motion for reconsideration on September 25, 2009, which the trial court later denied on November 30, 2009. The trial court's order denying Hydro's motion for reconsideration did not modify the trial court's earlier order concerning Hydro's motion to compel arbitration. Hydro filed a notice of appeal on December 17, 2009, within twenty days of the date the trial court denied its reconsideration motion.

Hydro's motion for reconsideration did not extend the time for perfecting an appeal of the trial court's interlocutory order dated September 8, 2009.[1] Although the trial court's original order was appealable, Hydro was required to file a notice of appeal by September 28, 2009. Because

_____

[1] *See* TEX. R. APP. P. 28.1(b) ("Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."). Hydro nonetheless claims we must apply federal procedural rules when analyzing the "taking of an appeal from an interlocutory order denying a motion to compel arbitration when the agreement requiring arbitration is subject to the [FAA]." "'When Texas courts confront procedural issues involving a case subject to the FAA, however, Texas procedural rules apply instead of federal rules.'" *Holcim (Tex.) Ltd. P'ship v. Humboldt Wedag, Inc.*, 211 S.W.3d 796, 800 (Tex. App.—Waco 2006, no pet.) (citations omitted).

appellant did not file the notice of appeal until December 17, 2009, the notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.1(b).

Alternatively, Hydro asserts its notice of appeal was timely because its appeal is from the trial court's denial of the motion to reconsider and its notice was filed within twenty days of that order. Hydro contends that, by citing additional authority in the motion to reconsider, it started a new timetable for perfecting the accelerated appeal of the arbitration matter. To the extent Hydro argues the denial of its motion to reconsider is independently appealable, we disagree.

Pursuant to section 51.016 of the Texas Civil Practice and Remedies Code, "[i]n a matter subject to the [FAA], a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. Section 16(a) of the FAA, titled "Appeals," provides, in relevant part, as follows:

(a) An appeal may be taken from–

(1) an order–

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award.

9 U.S.C. § 16(a) (2006). The applicable provision of the FAA refers only to orders denying an application to compel arbitration and not motions to reconsider the denial of an application to compel arbitration. *See id.* Hydro's motion to reconsider was not independently appealable under the FAA so as to start a new timetable for perfecting the accelerated appeal. *Cf. AXA Fin., Inc. v. Roberts*, No. 03-07-00079-CV, 2007 WL 2403210, *3 (Tex. App.—Austin 2007, no pet.) (mem. op.) (concluding appellant's motion to reconsider was not independently appealable under the Texas Arbitration Act because the act refers only to orders "denying an application to compel arbitration" and not motions to reconsider the denial); *Delao v. Shekinah Learning Ctr.*, No. 04-04-00797-CV, 2005 WL 50100, *1 (Tex. App.—San Antonio 2005, no pet.) (mem. op.) (holding trial court's order denying appellant's motion for new trial and motion to reconsider the granting of a plea to the jurisdiction not independently appealable); *Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding motion to reconsider order granting special appearance not independently appealable); *Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex. App.—Fort Worth 2001, no pet.) (holding order denying motion to reconsider and renewed plea to the jurisdiction not a distinct appealable interlocutory order with separate timetable for appeal).

**CONCLUSION**

Because Hydro failed to file its notice of appeal in a timely manner, this Court lacks jurisdiction to consider this appeal. We therefore dismiss Hydro's interlocutory appeal for want of jurisdiction.


PER CURIAM