

## NUMBER 13-10-00599-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF L.S.B., A CHILD

### On Appeal from the 24th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Per Curiam Memorandum Opinion

Appellant, Jasmyn Faye Shaw, attempts to appeal: (1) an order of the trial court rendered on July 13, 2010, striking appellant's responsive pleadings, (2) the judgment of termination and adoption rendered on July 27, 2010; and (3) the order denying motion for new trial "orally issued from the bench on October 7, 2010, and signed on or about October 13, 2010." Appellant filed her notice of appeal on October 13, 2010.

In suits where the termination of parental rights is in issue, an appeal of a final order is governed by the rules for accelerated appeals in civil cases. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (Vernon 2008). In an accelerated appeal, the

notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). The appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. TEX. R. APP. P. 26.3; *see In re K.A.F.*, 160 S.W.3d 923, 926-27 (Tex. 2005).

On January 28, 2011, this Clerk of this Court notified appellant that the appeal appeared to be defective so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.3, 42.3(b),(c). Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction.

By letter of January 31, 2011, appellant asserted that this Court obtained jurisdiction over the appeal because it "is not an accelerated appeal." Appellant asserts that, because the case is not one in which the Texas Department of Family and Protective Services has terminated her parental rights pursuant to Chapter 263 of the Texas Family Code, the "accelerated appeal provision of § 263.405(a) do not apply and the case is to proceed as a regular appeal." According to appellant, the only limitation on the right to appeal is contained in section 161.211 of the family code, which prohibits collateral or direct attack on a termination judgment after the sixth month after the date the order of termination is signed. *See* TEX. FAM. CODE ANN. § 161.211 (Vernon 2008). Appellant thus asserts that because the trial court signed the judgment of termination on July 27, 2010, and appellant timely filed a motion for new trial on August 24, 2010, her

notice of appeal was not due until October 25, 2010. Appellant concludes that her notice of appeal, filed on October 13, 2010, is thus timely.

In 2001, the legislature passed additional amendments to the family code to expedite both the hearing and appeals processes. *In re D.W.*, 249 S.W.3d 625, 633 (Tex. App.–Fort Worth 2008, pet. denied). Section 263.405 was amended to require additional post-judgment and appellate steps regarding final orders involuntarily terminating parental rights in appeals pertaining to children under department care as per Subchapter E of the family code. *See* TEX. FAM. CODE ANN. § 263.405. In contrast, section 109.002 of the code was amended to provide generally that an "appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated." *See id.* § 109.002(a). This section further provides that the "procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue." *Id. see* TEX. R. APP. P. 26.1(b) (providing that the notice of appeal must be filed within twenty days after the judgment is signed in an accelerated appeal), 28.1(b) (stating that motions for new trial and other specific post-judgment motions will not extend the time to perfect an accelerated appeal). The stated intent of these amendments was, again, to accelerate the appeal process and thereby "help to minimize the time that a child has to be subject to lengthy and distressing court proceedings." *In re D.W.*, 249 S.W.3d at 633. Accordingly, appellant's appeal was subject to the rules pertaining to accelerated appeals. Appellant's notice of appeal was untimely, and we lack jurisdiction over this appeal. *See id.*; *see also Moore v. Brown*,

3

No. 03-09-00449-CV, 2010 Tex. App. LEXIS 3519, at *4 (Tex. App.–Austin Apr. 20, 2010, no pet.).[1]

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.,* 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
3rd day of March, 2011.

---

[1] To the extent that appellant seeks to appeal the order striking her pleadings, she has presented nothing indicating that this order is independently appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute). Moreover, to the extent that appellant seeks to appeal the denial of her motion for new trial, the denial was not independently appealable so as to start a new timetable for perfecting the appeal. *See, e.g., Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (concluding that a ruling on a motion to reconsider an order granting a special appearance was not independently appealable); *Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex. App.–Fort Worth 2001, no pet.) (holding that an order denying a motion to reconsider and renewed plea to the jurisdiction was not a distinct appealable interlocutory order with separate timetable for appeal).