NUMBER 13-10-00599-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN THE INTEREST OF L.S.B., A CHILD

 

 



On Appeal from the 24th District Court

of Victoria County, Texas.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and
Vela

Per Curiam Memorandum Opinion

 

Appellant, Jasmyn
Faye Shaw, attempts to appeal:  (1) an order of the trial court rendered on
July 13, 2010, striking appellant’s responsive pleadings, (2) the judgment of
termination and adoption rendered on July 27, 2010; and (3) the order denying
motion for new trial “orally issued from the bench on October 7, 2010, and
signed on or about October 13, 2010.”  Appellant filed her notice of appeal on October
13, 2010.  

In suits where the termination of parental rights is in issue, an appeal of a final order is governed by the rules
for accelerated appeals in civil cases.  See Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon 2008). 
In an accelerated appeal, the notice of appeal must be filed within twenty days
after the judgment or order is signed.  Tex.
R. App. P. 26.1(b).  The appellate court may extend the time to file the
notice of appeal, if, within fifteen days after the deadline for filing the
notice of appeal, the party files the notice of appeal in the trial court and
files in the appellate court a motion for extension of time that complies with
the appellate rules.  Tex. R. App. P. 26.3;
see In re K.A.F., 160 S.W.3d 923, 926-27 (Tex. 2005).

On January 28, 2011, this Clerk of this Court notified appellant that the appeal appeared to be defective so that
steps could be taken to correct the defect, if it could be done.  See Tex. R. App. P. 37.3, 42.3(b),(c).  Appellant
was advised that, if the defect was not corrected within ten days from the date
of receipt of this notice, the appeal would be dismissed for want of
jurisdiction.  

By letter of January 31, 2011, appellant
asserted that this Court obtained jurisdiction over the appeal because it “is
not an accelerated appeal.”  Appellant asserts that, because the case is not
one in which the Texas Department of Family and Protective Services has
terminated her parental rights pursuant to Chapter 263 of the Texas Family
Code, the “accelerated appeal provision of § 263.405(a) do not apply and the
case is to proceed as a regular appeal.”  According to appellant, the only
limitation on the right to appeal is contained in section 161.211 of the family
code, which prohibits collateral or direct attack on a termination judgment after
the sixth month after the date the order of termination is signed.  See Tex. Fam. Code Ann. § 161.211 (Vernon
2008).  Appellant thus asserts that because the trial court signed the judgment
of termination on July 27, 2010, and appellant timely filed a motion for new
trial on August 24, 2010, her notice of appeal was not due until October 25,
2010.  Appellant concludes that her notice of appeal, filed on October 13,
2010, is thus timely.  

In 2001, the
legislature passed additional amendments to the family code to expedite both
the hearing and appeals processes.  In re D.W., 249 S.W.3d 625, 633
(Tex. App.–Fort Worth 2008, pet. denied).  Section 263.405 was amended to
require additional post-judgment and appellate steps regarding final orders
involuntarily terminating parental rights in appeals pertaining to children
under department care as per Subchapter E of the family code.  See Tex. Fam. Code Ann. § 263.405.  In
contrast, section 109.002 of the code was amended to provide generally that an “appeal
in a suit in which termination of the parent-child relationship is in issue
shall be given precedence over other civil cases and shall be accelerated.”  See
id. § 109.002(a).  This section further provides that the “procedures for
an accelerated appeal under the Texas Rules of Appellate Procedure apply to an
appeal in which the termination of the parent-child relationship is in issue.” 
Id.  see Tex. R. App. P.
26.1(b) (providing that the notice of appeal must be filed within twenty days
after the judgment is signed in an accelerated appeal), 28.1(b) (stating that
motions for new trial and other specific post-judgment motions will not extend
the time to perfect an accelerated appeal).  The stated intent of these
amendments was, again, to accelerate the appeal process and thereby “help to
minimize the time that a child has to be subject to lengthy and distressing
court proceedings.”  In re D.W., 249 S.W.3d at 633.  Accordingly,
appellant’s appeal was subject to the rules pertaining to accelerated appeals. 
Appellant's notice of appeal was untimely, and we lack jurisdiction over this
appeal.  See id.; see also Moore v. Brown, No. 03-09-00449-CV,
2010 Tex. App. LEXIS 3519, at *4 (Tex. App.–Austin Apr. 20, 2010, no pet.).[1] 


We are to construe the rules of appellate
procedure reasonably and liberally so that the right to appeal is not lost by
imposing requirements not absolutely necessary to effectuate the purpose of a rule.
 See Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997).  Nevertheless,
we are prohibited from enlarging the scope of our jurisdiction by enlarging the
time for perfecting an appeal in a civil case in a manner not provided for by
rule.  See Tex. R. App. P.
2; In re T.W., 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.).  Because
this Court is not authorized to extend the time for perfecting an appeal except
as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we DISMISS the
appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

 

                                                                                                PER
CURIAM

 

 

Delivered and filed the

3rd day of March, 2011.

                                                

 

                                                                                                

 









[1] To the extent that appellant seeks to
appeal the order striking her pleadings, she has presented nothing indicating
that this order is independently appealable.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001) (stating that appellate courts only have
jurisdiction to review final judgments and certain interlocutory orders
identified by statute).  Moreover, to the extent that appellant seeks to appeal
the denial of her motion for new trial, the denial was not independently
appealable so as to start a new timetable for perfecting the appeal.  See,
e.g., Digges v. Knowledge Alliance, Inc., 176 S.W.3d 463, 464 (Tex.
App.–Houston [1st Dist.] 2004, no pet.) (concluding that a ruling on a motion
to reconsider an order granting a special appearance was not independently
appealable); Denton County v. Huther, 43 S.W.3d 665, 667 (Tex. App.–Fort
Worth 2001, no pet.) (holding that an order denying a motion to reconsider and
renewed plea to the jurisdiction was not a distinct appealable interlocutory
order with separate timetable for appeal).