**Order issued December 22, 2015**



In The
# Court of Appeals
### For The
# First District of Texas

---

### NO. 01-15-00867-CV

---

## PENN VIRGINIA OIL & GAS GP, LLC AND PENN VIRGINIA OIL & GAS L.P., Appellants
## V.
## ALFREDO DE LA GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR I. D. L. G. AND K. D. L. G., MINORS, and JOHN PAUL ADAME, INDIVIDUALLY AND AS NEXT FRIEND FOR C.A.A., J.P.A., JR., AND J.N.A., Appellees

---

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Cause No. 2014-42519

---

### ORDER

Appellants, Penn Virginia Oil & Gas GP, L.L.C. and Penn Virginia Oil and Gas, L.P. (collectively "Penn Virginia"), filed a notice of appeal on October 13, 2015. On October 14, 2015, Penn Virginia filed a motion for extension of time to file the notice of appeal. Penn Virginia explained that it mistakenly believed the

1

deadline was 30 days from the date the trial court signed the order and only later discovered it was an accelerated appeal with a filing deadline of 20 days from the date the order was signed. Penn Virginia's counsel verified the truth of the facts contained in the motion for extension.

Appellees, Alfredo De La Garza and John Paul Adame both filed responses, to which Penn Virginia filed a reply. De La Garza and Adame have also filed a motion to dismiss the appeal.

In the responses to the extension motion and in their motion to dismiss, De La Garza and Adame contend Penn Virginia's excuse for untimely filing its notice of appeal is not reasonable based on Penn Virginia's counsel's involvement with two previous cases: (1) a 2010 case in the Texarkana Court of Appeals that was dismissed for a late notice of appeal in a similar accelerated appeal from denial of a motion to compel arbitration and (2) a 2012 case in the Austin Court of Appeals involving an order denying a motion to compel arbitration in which the notice of appeal was filed timely.

The Texas Supreme Court has instructed the courts to apply a liberal, yet reasonable, standard of accepting "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977); *see also Garcia v. Kastner Farms,*

2

*Inc*., 774 S.W.2d 668, 670 (Tex. 1989) (quoting *Meshwert* and reiterating what constitutes a reasonable explanation). In *Garcia*, the Supreme Court held that a reasonable explanation may encompass negligence of counsel, professional negligence, and any conduct short of deliberate or intentional failure to comply. 774 S.W.3d at 670.

The explanation given by Penn Virginia's counsel—that he mistakenly thought the deadline was 30 days from the signing of the order denying his motion to compel arbitration—is a plausible excuse of mistake that constitutes a reasonable explanation for the delay in filing the notice of appeal. We cannot conclude that involvement in similar accelerated appeals in 2010 and 2012 necessarily means that Penn Virginia's counsel could not have made a mistake as to the filing deadline in this case. Thus, we deny the motion to dismiss as to the untimeliness of the notice of appeal.

De La Garza and Adame next assert in their motion to dismiss that Penn Virginia is appealing an unappealable order. In its notice of appeal, Penn Virginia states that it is appealing (1) the September 11, 2015 order denying the motion to compel arbitration and (2) the October 12, 2015 order denying the motion to reconsider the September 11, 2015 order.

An order denying a motion to reconsider an order denying a motion to compel arbitration is not independently appealable. *See, e.g., Digges v. Knowledge*

*Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.). However, Penn Virginia has also appealed the order denying the motion to compel arbitration, which is appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015) (permitting appeal from judgment or interlocutory order of a trial under same circumstances an appeal from a federal district court's order would be permitted under 9 U.S.C. section 16); 9 U.S.C.A. § 16(a)(1)(C) (permitting appeal from an order denying an application to compel arbitration). Because Penn Virginia is appealing the September 11, 2015 order denying its motion to compel arbitration, which is an appealable order, we have jurisdiction to consider this appeal. We deny De La Garza and Adame's motion to dismiss and we grant Penn Virginia's motion for extension of time to file the notice of appeal.

It is so ordered.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Massengale and Brown.