

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name: Superior Consulting Group v. Morgan Stanley Mortgage Capital Holdings, Specialized Loan Servicing LLC, and AMCAP Mortgage Ltd.

Appellate case number: 01-21-00704-CV

Trial court case number: 2021-62795

Trial court: 157th District Court of Harris County

On November 9, 2021, the trial court signed an order awarding attorney's fees requested by appellees Morgan Stanley Mortgage Capital Holdings and Specialized Loan Servicing LLC. In its order, the trial court further "ordered, adjudged and decreed that the claims made by [p]laintiffs Superior Consulting Group and Deborah Nevarez are hereby stricken and dismissed in their entirety." On November 12, 2021, appellant, Superior Consulting Group, along with co-plaintiff Deborah Nevarez, filed a motion for reconsideration of the trial court's November 9, 2021 order. On December 7, 2021, the trial court signed an order denying the motion for reconsideration.

On December 14, 2021, appellant filed a pro se notice of appeal in the trial court, appealing from the December 7, 2021 order denying the motion for reconsideration. Later that same day, appellant filed an "Amended Notice of Appeal," appealing the trial court's November 9, 2021 order. *See* TEX. R. APP. P. 25.1(g) (allowing appellant to file amended notice of appeal "at any time before appellant's brief is filed"). On February 10, 2022, appellees Morgan Stanley Capital Holdings and Specialized Loan Servicing LLC filed a motion to dismiss, arguing that this Court lacks jurisdiction because appellant's "notice of appeal is untimely."

Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. However, where a party timely files certain post-judgment motions, such as a motion for new trial or a motion to modify the judgment, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). In their motion to dismiss, appellees contend that no post-judgment motion "allowing for an extended" deadline to file a notice of appeal was filed. For this reason, appellees argue, appellant's notice of appeal was due on or

before December 9, 2021, and its December 14, 2021 amended notice of appeal was therefore untimely.

As noted above however, on November 12, 2021, appellant filed a motion for reconsideration of the November 9, 2021 order dismissing all claims. In the motion for reconsideration, appellant requests that the trial court "reopen[] this case and set[] aside" the November 9, 2021 order. Notably, a motion for reconsideration is not independently appealable. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding order denying motion to reconsider not independently appealable). However, Texas courts have concluded that a motion for reconsideration is equivalent to a motion to modify the judgment or motion for new trial, thereby extending appellate deadlines. *See Padilla v. LaFrance*, 907 S.W.2d 454, 458–59 (Tex. 1995) (concluding that appellate deadlines were extended by appellant's filing of a "motion for rehearing" in trial court); *Lushann Energy Int'l, Inc. v. Gen. Elec. Energy Rentals*, Inc., No. 14-04-00652-CV, 2004 WL 1899795, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, pet. denied) (per curiam) ("A motion for reconsideration is the equivalent of a motion for new trial.").

Here, appellant filed a motion for reconsideration of the trial court's order dismissing its' claims, thereby extending appellate deadlines. *See* TEX. R. APP. P. 26.1(a). Given this, appellant's notice of appeal from the trial court's November 9, 2021 order was extended to ninety days from the date of the order, or February 7, 2022. Accordingly, appellant's December 14, 2021 amended notice of appeal was timely filed to invoke this Court's jurisdiction.

On February 18, 2022, appellant filed a response in opposition to appellees' motion to dismiss. *See* TEX. R. APP. P. 10.3.

Because appellant timely filed its notice of appeal, appellees' motion to dismiss is **denied**.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
                            ☑ Acting individually    ☐ Acting for the Court


Date: ___February 24, 2022_____