**Opinion filed February 1, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00242-CV

_____

## NATHAN ZUNIGA, Appellant

## V.

## JAYSON BLUE BASTARDO; BROWN COUNTY SHERIFF'S DEPARTMENT EMPLOYEES ASSOCIATION; AND BROWN COUNTY, Appellees

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV2204084**

## M E M O R A N D U M   O P I N I O N

This accelerated appeal arises from the trial court's order granting Appellee Brown County's amended plea to the jurisdiction and its order denying Appellant's subsequent motion to reconsider. We dismiss the appeal for want of jurisdiction.

On October 24, 2023, Appellant, Nathan Zuniga, filed a notice of appeal of the trial court's order denying his Motion to Reconsider the Courts' Granting of

Defendant Brown County's Plea to the Jurisdiction. Because orders on such motions are not independently appealable, we notified Appellant by letter that the order being appealed did not appear to be a final, appealable order, and we requested that Appellant provide this court with a response showing grounds to continue the appeal. *Digges v. Knowledge All., Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Lebourney v. Long*, No. 11-08-00204-CV, 2008 WL 4072807, at *1 (Tex. App.—Eastland Sept. 4, 2008, no pet.) (mem. op.).

Appellant filed a response on January 4, 2024, after the clerk of this court made two telephone inquiries and sent two letters regarding Appellant's late filing fee and late response.[1] In his response, Appellant stated that he wished to appeal the trial court's interlocutory order granting Brown County's plea to the jurisdiction under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code and the subsequent denial of his motion to reconsider.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2023) (allowing an appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit).

Appeals from interlocutory orders are accelerated appeals. TEX. R. APP. P. 28.1(a). In an accelerated appeal, the notice of appeal must be filed within

---

[1]In the letters, we extended Appellant's deadline to pay and to respond to December 11 and December 21.

[2]We agree with Appellant that the trial court's order granting Brown County's amended plea to the jurisdiction constituted an interlocutory order. In this regard, while Appellant noted in his response that Appellee Bastardo "was dismissed" from the suit on June 21, 2022, there is nothing in the record to indicate that the remaining defendant-Appellee, the Brown County Sheriff's Department Employees Association, has been dismissed from the suit or has had Appellant's claim(s) against it resolved, nor does the trial court's order indicate that the order disposes of all parties and claims against this remaining party. *See Phillips v. Baker*, No. 14-02-01099-CV, 2002 WL 31718870, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2002, no pet.) (mem. op.). We further note that, even if the trial court's order had disposed of all parties and claims remaining in the suit and constituted a final judgment, Appellant's notice of appeal would still be untimely. In his most recent letter to the court, Appellant concedes that his notice of appeal is untimely even under the standard, non-accelerated appellate deadlines required by Rule 26.1(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.1(a).

twenty days after the order is signed. TEX. R. APP. P. 26.1(b). Appellant's notice of appeal was filed on October 24, 2023, ninety-one days after the trial court's order was signed. As a result, Appellant's notice of appeal is untimely. *See id.*; *see also* TEX. R. APP. P. 28.1(b) (filing a post-trial motion does not extend the time to perfect an accelerated appeal). Absent a timely filed notice of appeal, this court is without jurisdiction to consider the appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

We notified Appellant by letter that his notice of appeal was untimely. In the letter, we also notified Appellant that, absent a timely filed notice of appeal, the appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant filed an additional response but has not shown any grounds upon which this appeal may be continued.

Accordingly, we dismiss this appeal for want of jurisdiction. *See id.*


W. BRUCE WILLIAMS
JUSTICE


February 1, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3