**Opinion issued March 13, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00665-CV

————————————

**KINGFISHER LIVING, LLC D/B/A ELLA SPRINGS SENIOR ASSISTED LIVING FACILITY, Appellant**

**V.**

**ANNIE CALDARERA, Appellee**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2023-42905**

---

## MEMORANDUM OPINION

On September 3, 2024, appellant, Kingfisher Living, LLC, doing business as Ella Springs Senior Assisted Living Facility, filed a notice of interlocutory appeal from the trial court's August 13, 2024 "Order Denying Motion for Reconsideration of [Appellant's] Motion to Dismiss."

We dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Importantly, statutes authorizing interlocutory appeals are strictly construed because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See CMH Homes*, 340 S.W.3d at 447. Our review of the record indicates that appellant has not appealed from a final judgment or an otherwise appealable order.

In its notice of appeal, appellant identified the trial court's August 13, 2024 "Order Denying Motion for Reconsideration of [Appellant's] Motion to Dismiss" as the appealed order. Appellant indicated that the appeal was interlocutory pursuant to Texas Rule of Appellate Procedure 28.1(a). However, an interlocutory appeal may only be taken where expressly permitted by the legislature. Appellant's notice of appeal, and the appellate record, include appellant's "Motion for Reconsideration of its Motion to Dismiss," which led to the order appealed by appellant. In its motion for reconsideration, appellant requested that the trial court reconsider its April 30, 2024 "Order Denying [Appellant's] Motion to Dismiss."

The appellate record reflects that the underlying motion to dismiss sought dismissal of the trial court case because appellee, Annie Caldarera, plaintiff in the

trial court case, failed to provide an expert report as required by section 74.351 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) ("In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed . . . serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."). The statute further states that where a plaintiff fails to provide such an expert report, the health care provider may seek dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (where claimant fails to serve required expert report, trial court, "on the motion of the affected physician or health care provider, shall . . . enter an order" "dismiss[ing] the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim"). Notably, an order denying a motion to dismiss pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code has been designated by the legislature as an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9).

However, appellant did not appeal the trial court's April 30, 2024 "Order Denying [Appellant's] Motion to Dismiss." Instead, appellant moved to appeal the trial court's August 13, 2024 "Order Denying Motion for Reconsideration of [Appellant's] Motion to Dismiss." An order denying a motion for reconsideration

3

is not an immediately appealable order.  *See Pahl v. Don Swaim, P.C.*, No. 05-12-01438, 2013 WL 3929238, at \*2 (Tex. App.—Dallas July 26, 2013, no pet.); *see also Diggs v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (dismissing appeal for lack of jurisdiction, concluding that orders denying motions to reconsider "are not independently appealable").  Accordingly, it appears appellant has not appealed from a final judgment, or an interlocutory order which the legislature has designated as immediately appealable.

Further, as noted above, while the trial court's April 30, 2024 "Order Denying [Appellant's] Motion to Dismiss" pursuant to section 74.351 of the Texas Civil Practice and Remedies Code may have been appealable, appellant did not, and may not now, seek an appeal from that order, because appellant failed to timely appeal the trial court's April 30, 2024 order.  An interlocutory appeal from the "Order Denying [Appellant's] Motion to Dismiss," signed by the trial court on April 30, 2024, was due no later than May 20, 2024.  *See* TEX. R. APP. P. 26.1(b), 28.1 (designating interlocutory appeals as "accelerated").  Absent a timely filed notice of appeal, this Court lacks jurisdiction over an appeal.  *See* TEX. R. APP. P. 25.1.

Accordingly, on February 20, 2025, the Court issued an order directing appellant to file a written response, with citation to law and the record, demonstrating

that the Court had jurisdiction over the appeal. Appellant was further notified that the failure to adequately respond could result in dismissal of the appeal.

On March 3, 2025, appellant responded to the Court's order, acknowledging that it was "satisfied that the Court is correct in its perception that the Court lacks jurisdiction over this appeal," and that "[a]fter researching the issue, [appellant] . . . found no error in the Court's reasoning and . . . located no other authority that would result in the Court having jurisdiction over the appeal."[1]

Accordingly, based on appellant's response to the Court's February 20, 2025 order, agreeing that the Court lacks jurisdiction over its appeal, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are further dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

---

[1] Appellant's response to the Court's February 20, 2025 order further noted that it had made an "alternative request that its appeal be considered a petition for writ of mandamus," but stated that appellant had also "conclude[d] that request [was] not viable either."