

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00811-CV

**IN THE INTEREST OF C.M.R.**, a Child

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 24-713
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               Velia J. Meza, Justice

Delivered and Filed: February 11, 2026

DISMISSED FOR WANT OF JURISDICTION

Father brings this appeal challenging the termination of his parental rights to his child, C.M.R. [1] Concluding that Father's notice of appeal was filed untimely, we dismiss this appeal for want of jurisdiction.

Petitioners filed suit seeking to terminate Father's parental rights on November 21, 2024. On May 6, 2025, Father filed his original answer. At the setting for a final hearing in this case, the trial court entered a default judgment terminating Father's parental rights on September 16, 2025.

---

[1] To protect the identity of the child and persons through whom the child could be identified, we will refer to appellant as "Father" and to the child by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

On October 14, 2025, Father filed a motion for new trial. The trial court denied the motion on December 15, 2025. Father's notice of appeal was filed on December 12, 2025.

An appeal in a parental termination case is governed by the rules for accelerated appeals. *See* TEX. R. APP. P. 28.4(a)(1). Pursuant to such rules, the notice of accelerated appeal must be filed within 20 days after the termination order is signed. *Id.* 26.1(b), 28.1(b). The filing of a motion for new trial "will not extend the time to perfect an accelerated appeal." *Id.* 28.1(b).

Because Father's notice was filed 87 days after the termination order was signed, this court ordered Father to show cause why this appeal should not be dismissed for want of jurisdiction. While Father filed a response, he did not address the jurisdiction issue. Father simply sought clarification as to whether his entire appeal was dismissed, or whether he could still seek review of the trial court's denial of his motion for new trial.[2]

Accordingly, because Father failed to perfect his appeal timely, this appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

PER CURIAM

---

[2] Orders denying motions for new trial are not independently appealable. *Digges v. Knowledge All., Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE § 51.012 (stating "a person may take an appeal . . . to the court of appeals from a final judgment."); *see also* TEX. CIV. PRAC. & REM. CODE 51.014 (authorizing appeals from certain interlocutory orders; of which motions for new trial are not included).