

NUMBER 13-09-00602-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

STATE OFFICE OF RISK MANAGEMENT,                              Appellant,

v.

MARIA L. BERDAN,                                               Appellee.

On Appeal from the 36th District Court
of Bee County, Texas.

## OPINION

Before Chief Justice Valdez and Justices Rodriguez and Perkes
Opinion by Chief Justice Valdez

In this workers' compensation case, the State Office of Risk Management ("SORM") attempts to appeal a summary judgment and other orders rendered in favor of Maria L. Berdan. We dismiss the appeal for want of jurisdiction.

**I. BACKGROUND**

The trial court rendered summary judgment in favor of Berdan on June 8, 2009, and rendered an order granting her statutory reimbursement of her attorney's fees on August 18, 2009. SORM filed a motion for new trial on September 30, 2009, and a notice of appeal on October 30, 2009.

On November 5, 2009, the Clerk of this Court notified SORM that its motion for new trial and notice of appeal were not timely filed, so that steps could be taken to correct this defect, if it could be done. SORM was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of this Court's letter.

SORM filed a response to the Court's notice through which SORM asserts that it failed to comply with section 410.258 of the Texas Labor Code, which requires it to file any proposed judgment with the workers' compensation division not later than the thirtieth day before the date on which the court is scheduled to enter the judgment. *See* TEX. LAB. CODE ANN. § 410.258 (Vernon 2006). SORM argues that its noncompliance with the labor code renders the judgment void, and because there is no final judgment, SORM's appeal is timely.

## II. PRESUMPTION OF REGULARITY

We disagree with SORM's analysis. SORM's response to this Court's directive is neither verified nor supported by affidavit. *See generally* TEX. R. APP. P. 10.2; *see also* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon Supp. 2010) (providing that an appellate court may on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction). SORM avers that it did not send the division a copy of the proposed judgment until September 29, 2009, and

2

includes copies of the certified mail receipt thereof. However, without a proper verification or affidavits, there is no evidence before this Court supporting these allegations. We are to presume the regularity of judgments, absent controverting matter in the record. *See S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13-14 (Tex. App.–Houston [1st Dist.] 2007, pet. denied) (collecting authorities); *see also Bell v. Zurich Am. Ins. Co.*, 311 S.W.3d 507, 513 (Tex. App.–Dallas 2010, pet. denied) (supplemental op. on reh'g) (stating that the record and judgment were silent regarding compliance with section 410.258 and holding that the judgment was not void); *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129, 134-35 (Tex. App.–San Antonio 2005, no pet.) (explaining that the reviewing court presumes the regularity of a judgment absent controverting evidence; where both the judgment and record were silent regarding compliance with section 410.258(a), the judgment was not void); *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738-39 (Tex. App.–El Paso 2004, no pet.) (stating that the judgment and record were silent on the question of compliance with section 410.258, and accordingly, the judgment was not void).

SORM carried the burden to establish why this Court should not apply the presumption regarding the regularity of judgments. *See Brewster*, 249 S.W.3d at 14. SORM failed to carry that burden herein. Accordingly, we presume that the judgment at issue was timely filed and is not void, and thus, SORM's notice of appeal was untimely. However, even if we were to accept SORM's ipse dixet that it failed to comply with the requirements of the labor code, we would nevertheless conclude that the judgment at issue is not void as further discussed herein.

### III. STATUTORY CONSTRUCTION

3

Our primary objective in construing a statute is to give effect to the Legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In deriving the Legislature's intent, we rely on the plain meaning of the statutory text, unless a different meaning is supplied by legislative definition or is apparent from context, or such construction leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). We presume that "the entire statute is intended to be effective" and that "a just and reasonable result is intended," and we consider the "object sought to be attained" by the statute and the "consequences of a particular construction." TEX. GOV'T CODE ANN. §§ 311.021(2),(3), 311.023(1), (5) (Vernon 2005).

Section 410.258 of the Texas Labor Code, entitled "Notification of Division of Proposed Judgments and Settlements; Right to Intervene," provides:

(a)     The party who initiated a proceeding under this subchapter or subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

(b)     The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.

(c)     The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law. If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement. The court may limit the extent of the division's intervention to providing the information described by Subsection (e).

(d)     If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court

4

determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e) If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law. The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

(f) A judgment entered or settlement approved without complying with the requirements of this section is void.

TEX. LABOR CODE ANN. § 410.258. The purpose of this provision in the law is to prevent the use of settlement agreements and default judgments to overturn appeals panel decisions. *See Ins. Co. of Pa. v. Martinez*, 18 S.W.3d 844, 847 (Tex. App.–El Paso 2000, no pet.) (examining the legislative history of section 410.258).[1] This requirement also ensures that the Division of Workers' Compensation, Texas Department of Insurance, has notice and an opportunity to intervene as a matter of right in the proceeding not later than the thirtieth day after receiving a proposed judgment or settlement if it determines that the proposal is not in compliance with the law. *See id.*

After analyzing the plain language and legislative history of section 410.258, the Austin and Fort Worth Courts of Appeals have concluded that this section is inapplicable to judgments rendered as a result of adversarial proceedings. *See Clewis v. Safeco Ins. Co.*, 287 S.W.3d 197, 202-03 (Tex. App.–Fort Worth 2009, no pet.); *Tex. Prop. & Cas. Ins. Guar. Assoc. v. Brooks*, 269 S.W.3d 645, 651 (Tex. App.–Austin 2008, no pet.); *see also Tex. Dept. of Ins. v. Ins. Co. of Penn.*, 306 S.W.3d 397, 903

---

[1] We observe that the bill analysis for section 410.258 of the labor code provides that the statute "prevents the use of settlement agreements, and judgments based on default or on an agreement of the parties, to overturn Appeals Panel decisions." *See* House Comm. on Bus. & Indus. Bill Analysis, Tex. H.B. 3137, 75th Leg., R.S. (1997).

5

(Tex. App.–Austin 2010, no pet.). The reasoning underlying this holding is explained as follows by the Austin Court of Appeals:

> [T]he legislature did not intend that the statute apply to judgments entered by the trial court that were not submitted or proposed to the court by agreement of the parties or the result of a default by the defendant. The statute was intended to prevent the parties from colluding to overturn appeals panel decisions. It accomplishes this purpose by requiring submission of judgments "made" by the parties—i.e. judgments proposed to the court by agreement of the parties rather than judgments entered as a result of adversarial proceedings. If, however, the statute were to apply to any judgment, a strict reading of the statute would require a trial court to figure out a way to get the party who initiated the action to submit the judgment the court is preparing to enter to the Division for approval thirty days in advance of entry in every case. This would be true regardless of whether the judgment is the result of noncollusive, adversarial proceedings or the result of an agreement between the parties. If this were the procedure, a party who initiated an action for judicial review of an agency decision could avoid or delay entry of an adverse judgment by refusing, delaying, or otherwise failing to submit the judgment to the Division. In addition, judgments entered after a failure to appear by the plaintiff or after a failure to prosecute or on the court's motion on jurisdictional grounds would have to be submitted to the Division before entry even if "the party who initiated the proceeding" is not available or is not interested in making the submission. Section 410.258 does not address these types of situations, where the entry of judgment may be appropriate but the judgment has not been proposed or "made" by the parties. Nor does the statute provide a procedure for addressing such situations or specify who is responsible for making the submission to the Division if the "party who initiated the proceeding" is not available or no longer actively involved in the litigation.
>
> . . . .
>
> We conclude that section 410.258 does not require the Division to receive advance notice of every judgment in a proceeding initiated under subchapter F or G of the labor code. Instead, we are of the opinion that the statute requires the Division to receive notice of proposed judgments "made by the parties"—i.e. without judicial oversight or without fully adversarial proceedings—and settlement agreements made by the parties. This interpretation ensures that the trial court does not sign off on a proposed judgment made or agreed to by the parties before the Division has been notified and given an opportunity to intervene. Additionally, this interpretation does not place impractical procedural burdens on the trial court or permit a party who initiated the proceeding to avoid or delay entry

6

of an adverse judgment by refusing to submit the judgment to the Division. This interpretation also gives meaning to the phrase "made by the parties" that is consistent with the purpose of the statute.

*Brooks*, 269 S.W.3d at 649-51. The *Brooks* court recognized, but refused to follow, the El Paso Court of Appeals opinion in *Insurance Company of the State of Pennsylvania v. Martinez*, which applied section 410.258 to a summary judgment and concluded that the judgment was void. *Martinez*, 18 S.W.3d at 848; *see Brewster*, 249 S.W.3d at 12-14 (also applying section 410.258 to a summary judgment and concluding that the judgment was void). *Cf. Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 799-801 (Tex. App.–Houston [1st Dist.] 2006, pet. denied) (applying section 410.258 to an agreed judgment).

After examining the legislative history of section 410.258, the plain language of the statute, and the reasoning of the Austin and Fort Worth Courts of Appeals, we conclude that section 410.258 does not apply to judgments rendered after fully adversarial proceedings but instead applies to judgments proposed by agreement or by default. This construction of the statute avoids the potentially wrongful manipulation of the appellate process, whereby, for instance, a party receiving an adverse judgment, such as SORM in the instant case, could sit on the judgment indefinitely, without paying it and without submitting it to the workers' compensation division, while waiting for a more favorable development in the law.

In this case, the summary judgment and order granting reimbursement of attorney's fees were rendered after fully contested proceedings in open court.

Accordingly, section 410.258 does not apply to the instant case, and the judgment at issue was not rendered void by noncompliance with these statutory requirements.[2]

## IV. TIMELINESS OF NOTICE OF APPEAL

We next turn our attention to the timeliness of SORM's notice of appeal. By amended notice of appeal, SORM attempts to appeal: (1) the order granting defendant's motion for summary judgment signed on June 8, 2009; (2) the order granting defendant's motion for approval of reimbursed attorney's fees signed on August 18, 2009; (3) the order granting defendant's motion to enforce the attorney's fee order, signed on October 23, 2009; (4) the order denying plaintiff's untimely motion to reconsider and, in the alternative, motion for new trial, signed on October 23, 2009; and (5) the order denying plaintiff's motion to stay, signed on November 3, 2009; and the order denying plaintiff's motion to enter judgment, signed on November 3, 2009.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, a party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); *see Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex.

---

[2] We have concluded that the requirements of section 4102.58 do not apply to the judgment at issue, and accordingly, the judgment was not rendered void by SORM's failure to comply with these requirements. However, even if we were to conclude otherwise, we disagree with SORM's allegation that a void order is not final for purposes of appeal. The finality of an order does not depend on its validity; even void orders must be timely appealed. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (explicitly disapproving the proposition that "if a judgment rendered by a trial court is void it may be set aside by that court at any time"); *see also McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (Tex. 1961); *Brashear v. Vict. Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.–Dallas 2009, no pet.); *In re GMC*, 296 S.W.3d 813, 822 (Tex. App.–Austin 2009, orig. proceeding); *Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375, 380 (Tex. App.–Austin 2006, no pet.); *In re Vlasak*, 141 S.W.3d 233, 238 (Tex. App.–San Antonio 2004, orig. proceeding); *Kenseth v. Dallas County*, 126 S.W.3d 584, 597 (Tex. App.–Dallas 2004, pet. denied).

2007). If we lack jurisdiction, we must dismiss the attempted appeal. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

## A. SUMMARY JUDGMENT AND ATTORNEY'S FEE ORDER

SORM attempts to appeal the trial court's rendition of summary judgment and its order awarding attorney's fees to Berdan. As stated previously, the trial court rendered summary judgment in favor of Berdan on June 8, 2009, and rendered an order granting her statutory reimbursement of her attorney's fees on August 18, 2009. SORM filed a motion for new trial on September 30, 2009, and a notice of appeal on October 30, 2009. The summary judgment was interlocutory and did not become final until August 18, 2009, when the trial court granted statutory reimbursement of attorney's fees. *See Lehmann*, 39 S.W.3d at 195. Appellant was required to file a motion for new trial within thirty days, or by September 17. *See* TEX. R. CIV. P. 329b(a). An untimely filed motion for new trial does not extend the deadline for appeal. *See id.*; *see also* TEX. R. APP. P. 26.1. Because the motion for new trial was untimely, appellant's notice of appeal was also untimely. *See* TEX. R. APP. P. 26.1(a). Therefore, we are without jurisdiction to consider the appeal of the summary judgment and the order granting statutory reimbursement of attorney's fees.

## B. ORDER GRANTING MOTION TO ENFORCE COURT ORDER

SORM further attempts to appeal the trial court's order of October 23, 2009, granting Berdan's motion to enforce Berdan's award of attorney's fees. Generally, an order made for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such. *See Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *see also* TEX. CIV. PRAC. & REM. CODE ANN.

9

§ 51.012 (Vernon 2008) (providing that final judgments of trial courts are appealable); TEX. R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."). The "usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders." *Schultz v. Fifth Judicial Dist. Court of Appeals of Dallas*, 810 S.W.2d 738, 740 (Tex. 1991). If the order is not an appealable one, jurisdiction does not attach in the court of appeals. *Id.* at 740 n.6. On the other hand, some post-judgment orders are appealable. *Id.* at 740 (finding that a turnover order, which resolved property rights and acted "in the nature of a mandatory injunction," was appealable). The order granting Berdan's motion to enforce the court order awarding Berdan attorney's fees does not act in the nature of a mandatory injunction, but is rather an order to aid in the execution of an award of attorney's fees. *See Kennedy v. Hudnall*, 249 S.W. 520, 523 (Tex. App.—Texarkana 2008, no pet.) (stating that an order made for carrying into effect an already entered judgment is not a final judgment and cannot be appealed; directing the court to "look to the substance of the order to determine whether it is appealable"). Accordingly, the order is not appealable, and we lack jurisdiction to consider the appeal thereof.

### C. MOTION TO RECONSIDER AND MOTION FOR NEW TRIAL

SORM further seeks to appeal the trial court's "Order Denying Plaintiff's . . . Untimely Motion to Reconsider and Motion for New Trial." The order denying SORM's motion to reconsider and motion for new trial was not independently appealable so as to start a new timetable for perfecting the appeal. *See, e.g., Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (concluding that a ruling on a motion to reconsider an order granting a special

10

appearance was not independently appealable); *Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex. App.–Fort Worth 2001, no pet.) (holding that an order denying a motion to reconsider and renewed plea to the jurisdiction was not a distinct appealable interlocutory order with separate timetable for appeal). Accordingly, we lack jurisdiction to consider the appeal of this order.

### D. MOTION TO STAY AND MOTION TO ENTER JUDGMENT

SORM also attempts to appeal orders denying its motion to stay and its motion to enter judgment, both of which were signed on November 3, 2009. We note that the reporter's record before the Court on these motions states that the parties stipulated that the underlying case was stayed. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . ."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). In terms of SORM's appeal of the trial court's denial of SORM's motion for entry of judgment, SORM requested entry of a "new" final judgment, which is largely, but not entirely, identical to the judgment entered on August 18, 2009.

The trial court's plenary power over this matter expired thirty days after entry of the August 18, 2009 judgment. *See* TEX. R. CIV. P. 329b(d). We are without jurisdiction to grant relief or review the trial court's actions after the expiration of its plenary power; consequently, we lack jurisdiction over the appeals of these orders. *See Nabejas v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex. App.–Corpus Christi 1998, no pet.) (concluding that appellate court lacked jurisdiction over cause because appellate

11

jurisdiction "extends no further than that of the court from which the appeal is taken"), *overruled, in part, on other grounds by City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007); *P.I.A. of Fort Worth, Inc. v. Sullivan*, 837 S.W.2d 844, 846 (Tex. App.–Fort Worth 1992, orig. proceeding) (concluding that under the terms of rule 329b, the trial court had no jurisdiction to seal the parties' divorce records over nine months after the suit had been voluntarily dismissed and after he had lost his plenary power).

## V. CONCLUSION

Having concluded that we lack jurisdiction over the matters subject to appeal herein, we DISMISS the appeal for lack of jurisdiction.

_____
Rogelio Valdez
Chief Justice

Delivered and filed the
3rd day of February, 2011.

12