**Opinion issued January 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00951-CV

———————————

**MICHAEL THOMAS EMMOTT, Appellant**

**V.**

**JOHN BOUDREAUX, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-26258**

---

## MEMORANDUM OPINION

Appellant, Michael Thomas Emmott, attempts to appeal from the trial court's final summary judgment signed May 22, 2012 in favor of appellee, John Boudreaux. Appellee moves to dismiss this appeal for lack of jurisdiction because the notice of appeal in the trial court was filed past the deadline.

Because appellant's notice of appeal was not timely filed, we grant appellee's motion and dismiss the appeal.

Generally, to confer jurisdiction in the appellate courts, a notice of appeal must be filed within 30 days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). A motion for new trial, if any, must be filed within 30 days after the date the judgment is signed. *See* TEX. R. APP. P. 329b(a).

The clerk's record reflects that the trial court signed the final judgment on May 22, 2012. A motion for new trial, if any, was due by June 21, 2012. *See id.* The record shows, however, that appellant did not file a motion for new trial until 18 days later, on July 9, 2012. Because appellant's motion for new trial was not timely filed, it did not extend the deadline for appellant to file his notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1). Appellant's notice of appeal remained due by June 21, 2012. *See* TEX. R. APP. P. 26.1. Appellant did not file a notice of appeal until 106 days later, on October 5, 2012. Therefore, we lack jurisdiction to hear the appeal. *See* TEX. R. APP. P. 25.1.

In his response to the appellee's motion to dismiss the appeal, appellant asserts that he filed a motion for new trial on June 20, 2012, which was before the expiration of the deadline to file a motion for new trial.[1] *See* TEX. R. APP. P. 329b(a). If appellant timely filed a motion for new trial, the deadline to file his notice of appeal was extended to August 20, 2012. *See* TEX. R. APP. P. 26.1(a)(1). The record reflects, however, that appellant did not file his notice of appeal until 46 days later, on October 5, 2012. Even if we conclude that appellant timely filed a motion for new trial, appellant's notice of appeal was not timely filed and therefore we lack jurisdiction to hear the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

Finally, appellant's notice of appeal states that he appeals from "the trial court's judgment rendered on 07/23/2012." The record reflects that, on July 23, 2012, the trial court signed an order dismissing appellant's motion for new trial for lack of jurisdiction because the motion was untimely filed. To the degree that appellant seeks to appeal from the trial court's order on his motion for new trial,

---

[1] Appellant appended to his response a copy of a motion for new trial that bears the district clerk's file-stamp, dated June 25, 2012, and reflects that the motion was mailed. The trial court's July 23, 2012 order states that it is possible that the district clerk mistakenly returned the motion to appellant "as a 'duplicate.'" We need not resolve this issue because, even if we conclude that appellant timely filed his motion for new trial, his notice of appeal was filed beyond the deadline to confer jurisdiction on the appellate court.

such an order is not independently appealable. *See State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied).

Because appellant's notice of appeal was untimely filed, we lack jurisdiction to hear this appeal. *See* TEX. R. APP. P. 25.1. Accordingly, we grant the appellee's motion to dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.