Opinion issued September 26, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00610-CV

———————————

**ALBERT MORRIS, Appellant**

**V.**

**WELLS FARGO BANK, N.A. INDIVIDUALLY AND WELLS FARGO BANK N.A. AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004 OPI ASSET BACKED PASS THROUGH CERTIFICATES, Appellees**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-221475**

---

## MEMORANDUM OPINION

Appellant, Albert Morris, attempts to appeal the trial court's April 22, 2019

final summary judgment dismissing his claims. Appellees have filed a motion to

dismiss this appeal for lack of jurisdiction because appellant's August 14, 2019 notice of appeal was untimely. We grant appellees' motion and dismiss the appeal.

**Applicable Law**

Although a notice of appeal generally must be filed within 30 days after the judgment is signed, the time to file a notice of appeal is extended to 90 days after the signing if a party files a timely motion for new trial, motion to modify the judgment, motion to reinstate, or a request for findings of fact and conclusions of law that is either required by the Rules of Civil Procedure or properly considerable by the appellate court. TEX. R. APP. P. 26.1(a).[1] The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

---

[1] To be timely, motions for new trial and motions to modify, correct, or reform judgments must be filed within 30 days after the judgment or order is signed. TEX. R. CIV. P. 329b (a), (g).

2

**Discussion**

Here, the trial court signed its final summary judgment dismissing appellant's claims on April 22, 2019. Appellant filed a timely motion for new trial on May 21, 2019. The trial court subsequently denied the motion for new trial on July 15, 2019. On August 14, 2019, appellant filed his notice of appeal purporting to appeal both the final summary judgment and the order denying his motion for new trial. Appellees subsequently filed their motion to dismiss this appeal for want of jurisdiction, asserting that (1) the order denying appellant's motion for new trial is not appealable and (2) appellant's notice of appeal from the final summary judgment was untimely.

In response to appellees' motion to dismiss the appeal, appellant asserts that (1) the July 15, 2019 order denying appellant's motion for new trial is the final judgment in the case and (2) the period for calculating the deadline for filing his notice of appeal ran from the July 15, 2019 denial of his motion for new trial. As discussed below, appellant's arguments are directly contradicted by both the Rules of Appellate Procedure and case law.

First, an order denying a motion for reconsideration or motion for new trial is not independently appealable. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that interlocutory order denying motion to reconsider is not independently appealable); *State Office of*

*Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied) ("The order denying [appellant's] motion to reconsider and motion for new trial was not independently appealable so as to start a new timetable for perfecting the appeal."). An appeal must be taken from the final judgment, not the refusal to reconsider that judgment. *See Macklin v. Saia Motor Freight Lines, Inc*., 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.). It is well established that "[n]o appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment. *See Cornwell v. Cornwell*, No. 02-17-00105-CV, 2017 WL 6759031, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.). Accordingly, the final appealable judgment in this case is the trial court's April 22, 2019 summary judgment dismissing appellant's claims.

Second, the time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial. *See* TEX. R. APP. P. 26. Rule 26.1(a)(1) provides that, if a motion for new trial is timely filed, "the notice of appeal must be filed within 90 days after the judgment is signed." TEX. R. APP. P. 26.1(a). Here, appellant's motion for new trial extended the deadline for filing his notice of appeal to 90 days following the trial court's signing the final judgment on April 22, 2019. *See* TEX. R. APP. P. 26.1(a). Because the 90th day after April 22, 2019 fell on a Sunday, the deadline was further extended to the next day, July 22, 2019. *See* TEX. R. APP. P. 4.1(a). Appellant's August 14, 2019 notice of appeal was

4

untimely filed 23 days after the July 22, 2019 deadline. Contrary to appellant's assertions, the denial of a motion for new trial does not extend the time for filing a notice of appeal beyond the 90-day deadline set forth in Rule 26.1. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n. 1 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## Conclusion

Appellant's notice of appeal was untimely filed 23 days after the final appealable judgment. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza*, 227 S.W.3d at 233. Accordingly, we grant appellees' motion to dismiss and dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Any other pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Lloyd, Goodman, and Landau.