COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Zachary J. Williams v. Max B. Mutia

Appellate case number:    01-19-00340-CV

Trial court case number:   19-DCV-227230

Trial court:              434th District Court of Fort Bend County

On May 3, 2019, appellant, Zachary J. Williams, filed a notice of appeal from the trial court's April 4, 2019 "order denying [appellant's] Motion for Reconsideration." On October 15, 2019, this Court issued a memorandum opinion dismissing the appeal for nonpayment of all required fees. That same day, appellant filed a motion for rehearing, and subsequently, on December 4, 2019, appellant paid all required fees. Accordingly, on January 23, 2020, this Court issued an order granting appellant's motion for rehearing, reinstating the case on the Court's active docket. *See* TEX. R. APP. P. 49.1, 49.3.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. Our review of the record does not indicate that appellant has appealed from a final judgment or an otherwise appealable order.

The appellate record indicates that on February 4, 2019, the trial court entered a "Final Summary Judgment," disposing of all claims in the underlying litigation. Subsequently, on March 5, 2019, appellant filed a "Motion for Reconsideration" of the February 4, 2019 Final Summary Judgment order. On April 4, 2019, the trial court entered an order denying appellant's Motion for Reconsideration. Appellant's May 3, 2019 notice of appeal of the trial court's April 4, 2019 order followed.

"An order denying a motion to reconsider is not an appealable order." *Toyota Motor Sales, U.S.A., Inc. v. Reavis*, 05-18-00794-CV, 2018 WL 4927215, at \* (Tex. App.—Dallas Aug. 31, 2018, no pet.); *Montiel v. Lechin*, 01-18-00781-CV, 2019 WL 1186695, at \*3 (Tex. App–Houston [1st Dist.] Mar. 14, 2019, no pet.); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi-Edinburg 2011, pet. denied).

Accordingly, based on our review of the record, appellant does not appear to appeal from a final judgment or other appealable order.

The Court therefore orders appellant to file a written response, with citation to law and the record, demonstrating that this Court has appellate jurisdiction over this appeal from the trial court's order denying appellant's Motion for Reconsideration. Failure to respond will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). **Appellant's response is due in this Court within fifteen days of the date of this order**. We further request appellee to file a reply to appellant's written response regarding our jurisdiction over this appeal. **Appellee's reply, if any, is due within fifteen days the date of appellant's response is filed.**

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
                        ☑ Acting individually ☐ Acting for the Court

Date: __February 11, 2021__