

# Fourth Court of Appeals
## San Antonio, Texas

June 1, 2021

No. 04-21-00135-CV

Herbert Lawrence **POLINARD** Jr. and Irene C. Polinard,
Appellants

v.

James Paul **TISDEL** Jr.,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-04746
Honorable Mary Lou Alvarez, Judge Presiding

# O R D E R

The trial court rendered a final summary judgment against appellants, Herbert Lawrence Polinard Jr. and Irene G. Polinard, on November 25, 2020. The Polinards filed a timely motion for new trial. The motion was overruled by operation of law on February 8, 2021. Tex. R. Civ. P. 329b(c). The Polinards then filed a motion for reconsideration that was set for hearing on March 9, 2021, one day before the trial court's plenary power was to expire. *See id.* 329b(e). At that hearing, appellant argued the trial court had plenary power to reconsider his arguments and grant a new trial. The Judge's Notes, dated March 9 and March 10, state the trial court granted the motion for reconsideration and denied the motion for new trial.[1] The court did not vacate, modify, correct, or reform the November 25, 2020 judgment. On April 8, 2021, the Polinards filed a notice of appeal, stating their intent to appeal "the District Court's March 10, 2021, *Order/Judgment* which, *inter alia*, denied PLAINTIFFS' *Motion for New Trial* and, through which, thereby, affirmed a November 25, 2020 summary judgment by default resulting in the subsequent dismissal of PLAINTIFFS' claims in this matter." The record has been filed and raises an issue regarding our jurisdiction over the appeal.

The Polinards' timely filed motion for new trial extended the deadline to appeal the November 25, 2020, judgment until February 23, 2021, ninety days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Because the trial court did not modify, correct, or reform the November judgment, the timetable for appealing the judgment was not restarted. *See* TEX. R.

---

[1] The record does not contain signed written orders.

CIV. P. 329b(h). The trial court's order denying the motion for new trial after reconsideration (even if written and signed) is not an independently appealable order and did not further extend the deadline to appeal or start a new timetable to perfect an appeal from the November judgment. *See Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.); *State Office of Risk Mgmt. v. Berdan,* 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied).

Thus, the notice of appeal was due February 23, 2021, or a motion for extension of time to file the notice of appeal was due fifteen days later on March 10. *See* TEX. R. APP. P. 26.1, 26.3. The Polinards did not file a motion for extension of time to file the notice of appeal and did not file their notice of appeal until April 8, 2021. A timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010 ). "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997).

We therefore **order** a response due by **June 21, 2021**, showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Appellants have the burden to request the trial court clerk prepare a supplemental clerk's record containing any pleadings and orders necessary to establish this court's jurisdiction. Appellants must file a copy of any such request with this court.

All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of June, 2021.

_____
Michael A. Cruz,
Clerk of Court