**Opinion filed January 27, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00252-CV

_____

## SUSAN J. BOYER, Appellant

## V.

## SPRINGLEAF FINANCIAL SERVICES, INC., Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV1704122**

## M E M O R A N D U M   O P I N I O N

Appellant, Susan J. Boyer, filed a pro se notice of appeal in which she stated that she wishes to appeal from the trial court's denial of her motion to re-open or restore the case to the trial court's active calendar. The documents on file in this court reflect that the trial court entered a final summary judgment on February 26, 2019, and an order of sale of the forfeited real property on April 23, 2019. Over two years later, on October 28, 2021, Appellant filed the motion to re-open upon which she bases this appeal.

Upon docketing this appeal, the clerk of this court wrote the parties and informed them that it did not appear that Appellant was attempting to appeal from a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed. Appellant has now filed in this court a notice to withdraw her appeal.

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order denying a motion for new trial is not a final judgment and is not independently appealable. *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied). Consequently, the time for filing an appeal runs from the final judgment, not from the denial of the motion for new trial. *Allen v. State*, No. 05-15-00557-CV, 2015 WL 7769543, at *1 (Tex. App.—Dallas Dec. 3, 2015, no pet.).

Here, the time for Appellant to perfect an appeal in this matter ran from the date in 2019 that the trial court signed the final judgment in this case, not from the date that Appellant's motion to re-open was denied. Appellant's notice of appeal was therefore due to be filed thirty days after the 2019 final judgment. *See* TEX. R. APP. P. 26.1. Appellant's 2021 notice of appeal was untimely. *See id.* Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Because an order denying Appellant's motion to re-open is not a final judgment and is not independently appealable and because the notice of appeal was filed over two years after the final judgment, we are without jurisdiction. Therefore, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

January 27, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.