

# NUMBER 13-24-00188-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA AIDE DELGADO
A/K/A TRACK W330'-N156 FT
266 1.18 AC GR 0.84 AC NET
A/K/A 7222 NORTH MILE 4 WEST,
A/K/A RR9 BOX 404-P
WESLACO, TEXAS,                                                                Appellant,

v.

THE STATE OF TEXAS AND
THE HIDALGO SHERIFF'S
DEPARTMENT,                                                                    Appellees.

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

Appellant Maria Aide Delgado filed a notice of appeal from the trial court's order

dismissing her equitable bill of review. We dismiss for want of jurisdiction.

The clerk's record and reporter's record have not been filed. The scant record before us reflects that on August 31, 2023, Delgado filed an equitable bill of review seeking relief from a judgment originally entered on May 12, 2012. The trial court signed an order denying Delgado's bill of review on November 8, 2023. That same day, Delgado filed a motion to reconsider, and the following day, she requested findings of fact and conclusions of law.

On January 11, 2024, the trial court held a hearing on Delgado's motion for reconsideration, and on March 20, 2024, the trial court signed an order denying said motion. On April 15, 2024, Delgado filed her notice of appeal, resulting in the creation of this appellate cause. On May 20, 2024, the Clerk of this Court notified Delgado that her notice of appeal appeared to be untimely, and thus, subject to dismissal. *See* TEX. R. APP. P. 42.3.

On May 29, 2024, Delgado filed a second amended notice of appeal and a response to the Clerk's notice, arguing that: (1) because the trial court held a hearing on her motion to reconsider, the time to file a notice of appeal was extended; and (2) she is appealing from both the trial court's order dismissing her equitable bill of review and the trial court's order denying her motion to reconsider, which was signed by the trial court on March 20, 2024. Thus, according to Delgado, her April 15, 2024 notice of appeal was timely.

With certain exceptions, notices of appeal generally must be filed within thirty days after the judgment is signed. *Id.* R. 26.1. However, if the appellant files a plenary-power-

extending pleading, as Delgado did here, they may file a notice of appeal up to ninety days after the judgment is signed. *Id.* R. 26.1(a). In this case, that required Delgado to file her notice of appeal by February 6, 2024. *Id.* The trial court's hearing on Delgado's motion to reconsider did not operate to extend that deadline again in some fashion. Only an order modifying the trial court's final judgment in some way would operate to extend the time to file a notice of appeal, and there is no indication that the trial court signed any order to this effect. *See* TEX. R. CIV. P. 329b(h).

Further, an order denying a motion to reconsider is not an independent judgment, and it does not operate to extend the appellate timetable. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam) (concluding that neither an order granting a new trial nor an order denying a new trial operated to extend the time to file a notice of appeal); *State Off. of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) ("The order denying SORM's motion to reconsider . . . was not independently appealable so as to start a new timetable for perfecting the appeal."); *see also Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) ("An appeal must be taken from the final judgment, not the refusal to reconsider that judgment."); *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana April 6, 2012, no pet.) (mem. op.) ("An order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable."). If Delgado sought review from the trial court's order denying her motion to reconsider, she was still required to file a notice of appeal within ninety days of the trial

court's order denying her equitable bill of review. *See* TEX. R. APP. P. 26.1(a); *Naaman*, 126 S.W.3d at 74; *Berdan*, 335 S.W.3d at 428.

Finally, even if an order denying a motion to reconsider was independently appealable, the trial court's order in this case is a legal nullity. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). In the event a motion to reconsider "is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c), (g). Accordingly, the denial of Delgado's motion to reconsider occurred by operation of law on January 22, 2024, and the trial court's plenary power expired on February 21, 2024. *See id.*; *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding). But the trial court's order denying Delgado's motion to reconsider was signed on March 20, 2024, after the trial court's plenary power expired, and thus, we would have no jurisdiction to review the merits of that order even if it was an independent final judgment. *See Owens*, 907 S.W.2d at 486 ("The court of appeals should have dismissed the State's appeal for lack of jurisdiction because the order appealed from was signed long after the district court's plenary jurisdiction had expired.").

Because Delgado's notice of appeal is untimely, we dismiss this cause for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

GINA M. BENAVIDES
Justice

Delivered and filed on the
27th day of June, 2024.