

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00815-CV

**DUNN'S LOGISTICS, INC.** dba Eagle Transportation,
Appellant

v.

**BMS CONSTRUCTION, LLC**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI25829
Honorable Monique Diaz, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: March 5, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant attempts to appeal the trial court's October 30, 2024 order denying its "motion for reconsideration." The trial court signed a final judgment on January 30, 2024. On February 29, 2024, appellant filed a timely Texas Rule of Civil Procedure Rule 329b(a) motion for new trial which it referred to as a motion "to reconsider." The new trial motion was denied by operation of law on April 15, 2024. *See* TEX. R. CIV. P. 329b(c). Because appellant filed a timely new trial motion, the notice of appeal was due by April 29, 2024, or a notice of appeal and motion for extension of time was due by May 14, 2024. *See* TEX. R. APP. P. 26.1(a), 26.3. "[O]nce the period

for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26).

Nevertheless, the trial court issued an order "denying" the new trial motion on October 30, 2024. Appellant nevertheless filed its notice of appeal on November 27, 2024. Because the notice of appeal appeared to be due no later than May 14, 2024, and appellant filed it November 27, 2024, we ordered appellant on December 27, 2024 to show cause why this appeal should not be dismissed for lack of jurisdiction by January 27, 2024. *See State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied) ("The order denying [appellant's] motion to reconsider and motion for new trial was not independently appealable so as to start a new timetable for perfecting the appeal.").

On January 27, 2025, appellant filed a motion to abate the appeal and for an extension. We denied the abatement motion and granted appellant an extension of time, ordering appellant to respond to our December 2024 order requiring appellant to show cause no later than February 14, 2025 why this appeal should not be dismissed for lack of jurisdiction. *See id.* We admonished appellant if it failed to adequately respond to this order by February 14, 2025, this appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3. Appellant did not respond to our order.

Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM