

# NUMBER 13-24-00403-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK A. DI CARLO,                                                                 Appellant,

v.

JAMES SWARTZ, ET AL,                                                            Appellees.

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

Before Justices Silva, Peña, and Fonseca
Memorandum Opinion by Justice Fonseca

This matter is before the Court on its own motion. On August 12, 2024, appellant attempted to appeal the trial court's "judgment or other appealable" order entered on July 16, 2024. On August 13, 2024, the Clerk of the Court notified appellant that the order he was attempting to appeal, *i.e.*, "denial of Defendant's Motion for New Trial," appeared unappealable. On October 9, 2024, and October 31, 2024, appellant filed an amended notice of appeal and a second amended notice of appeal, respectively. Appellant's

second amended notice of appeal states he is appealing the July 16, 2024 order denying a motion for new trial *and* "the trial court's appointment of the receiver." On March 13, 2025, the Clerk of the Court notified appellant that the appeal of the appointment of receiver was not timely perfected and that the denial of a motion for new trial was not an appealable order. Appellant was further notified that if the defects were not cured within ten days from the date of the notice, the appeal would be dismissed. Appellant has failed to cure the defects or otherwise respond to the notice.

Regarding the attempted appeal of the appointment of receiver, it appears the trial court issued the related order on May 2, 2024. An order appointing a receiver is an interlocutory order that may be appealed pursuant to Section 51.014(a)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1). However, because the appeal of an interlocutory order is considered an accelerated appeal, the appeal must be perfected by filing a notice of appeal no later than twenty days after the order is signed. *See* TEX. R. APP. P. 26.1(b), 28.1(a), 28.1(b) ("Filing of a motion for new trial . . . will not extend the time to perfect an accelerated appeal."). Therefore, appellant's August 12, 2024 notice of appeal was untimely filed. We lack jurisdiction over an appeal of this order.

Finally, the denial of a motion for new trial is not a final appealable order. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). We are of the opinion that an order denying a motion for new trial is not independently

2

appealable. *See State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi– Edinburg 2011, pet. denied).

Absent an appealable interlocutory order or a final judgment, this Court has no jurisdiction over this appeal. We dismiss this appeal for want of jurisdiction. TEX. R. APP. P.42.3(a), (c).

YSMAEL D. FONSECA
Justice

Delivered and filed on the
8th day of May, 2025.