

# NUMBER 13-25-00248-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CMG3, LLC D/B/A
USA FOUNDATION REPAIR,**                                        **Appellant,**

**v.**

**ISMAEL PEREZ,**                                        **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice Cron

Appellant CMG3, LLC d/b/a USA Foundation Repair filed a notice of appeal from an order signed on April 30, 2025, denying reconsideration of an order disqualifying its counsel of record, Stephen P. Carrigan and Carrigan & Anderson, PLLC. On May 8, 2025, the Clerk of the Court notified appellant that it appeared that there was no final,

appealable judgment, directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected. *See* TEX. R. APP. P. 42.3. In response, appellant advised the Court that it would be filing a petition for writ of mandamus "to challenge the trial court's order [at issue] in this appeal."[1] Appellant did not otherwise correct the defect identified in the Clerk's letter. *See id.*

"Usually, only final judgments are subject to appeal." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order disqualifying counsel is interlocutory in nature, and there is no statute providing for an interlocutory appeal of such an order. *See, e.g.*, *In re RSR Corp.*, 475 S.W.3d 775, 778 (Tex. 2015) (orig. proceeding) ("A party whose counsel is improperly disqualified has no adequate remedy by appeal."); *see also In re Guardianship of Bernsen*, No. 13-20-00523-CV, 2021 WL 727391, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, no pet.) (mem. op.) (dismissing an appeal from an order disqualifying counsel for want of jurisdiction). Further, an order denying rehearing or reconsideration is not an independently appealable order. *See State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied); *Digges v. Knowledge All., Inc.*, 176 S.W.3d 463, 464 (Tex. App.—

---

[1] Appellant subsequently filed a petition for writ of mandamus in our appellate cause number 13-25-00278-CV challenging the trial court's original order disqualifying appellant's counsel of record. By separate memorandum opinion issued on this same date, this Court denied relief in that cause. *See In re CMG3, LLC*, No. 13-25-00278-CV, 2025 WL ____, at *_ (Tex. App.—Corpus Christi–Edinburg June __, 2025, orig. proceeding) (mem. op.).

2

Houston [1st Dist.] 2004, no pet.); *see also Martin v. Estell Acres, LLC*, No. 03-23-00638-CV, 2023 WL 8355329, at *1 (Tex. App.—Austin Dec. 1, 2023, no pet.) (mem. op.).

The Court, having considered and fully considered the documents herein, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JENNY CRON
Justice

Delivered and filed on the
23rd day of June, 2025.

3